UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Joseph H. Rodriguez |
| v. | : | Crim. No. 15-370 (JHR) |
| ANGEL ANGULO and CRYSTAL BANUELOS | : | **PROTECTIVE ORDER** |

The United States, by and through its attorney, Daniel Shapiro, Assistant U.S. Attorney, and defendants ANGEL ANGULO (By Lisa Lewis, Esq., Federal Public Defender's Office) and CRYSTAL BANUELOS (By Edward Sapone, Esq.), jointly consent to a Protective Order concerning disclosure and use of certain evidence in the above-captioned matter, namely personal identifying information, as described in Attachment A.

SO ORDERED:

_____
HON. JOSEPH H. RODRIGUEZ     8/28/2015
United States District Judge
Robert B. Kugler

_____
LISA LEWIS, ESQ.
Assistant Federal Public Defender

_____
EDWARD SAPONE, ESQ.

_____
DANIEL SHAPIRO
Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA | Hon. Joseph H. Rodriguez |
| v. | Crim. No. 15-370 (JHR) |
| ANGEL ANGULO and CRYSTAL BANUELOS | **PROTECTIVE ORDER** |

The United States, by and through its attorney, Daniel Shapiro, Assistant U.S. Attorney, and defendants ANGEL ANGULO (By Lisa Lewis, Esq., Federal Public Defender's Office) and CRYSTAL BANUELOS (By Edward Sapone, Esq.), jointly consent to a Protective Order concerning disclosure and use of certain evidence in the above-captioned matter, namely personal identifying information, as described in Attachment A.

SO ORDERED:

_____
HON. JOSEPH H. RODRIGUEZ
United States District Judge
Robert B. Kugler
8/28/2015

_____
LISA LEWIS, ESQ.
Assistant Federal Public Defender

_____
EDWARD SAPONE, ESQ.

_____
DANIEL SHAPIRO
Assistant United States Attorney

## ATTACHMENT A

The United States has represented to defense counsel that as part of the investigation leading to the instant prosecution, certain documents were obtained containing the personal identifying information of victims, including in some cases the victim's name, date of birth, social security number, bank account number and other information (hereinafter, the "Personally Identifiable Information"); and because of the volume of material it is impractical for the United States to redact the Personally Identifiable Information prior to disclosing the same to defense counsel.

Accordingly, the United States and the defendant, through Counsel, consent to the entry of the Protective Order as follows:

1. The United States and defense counsel agree that any material produced during this case, including pre-indictment discovery, containing Personally Identifiable Information, will be treated in accordance with this agreement.

2. The documents and all information derived therefrom shall be restricted solely for use in litigation in this case and shall not be used for any other purpose, except the United States may use and disclose the information for legitimate law enforcement purposes.

3. Personally Identifiable Information, and all information derived therefrom, shall be restricted solely to the following individuals:

(a) Counsel for the defendant and the administrative staff of Counsels' office, including independent consultants, expert witnesses, investigators, and other parties under the control of such independent consultants, expert witnesses, investigators, provided these individuals are needed to further the interests of Counsel in this matter.

(b) The defendant shall have access to Personally Identifiable Information only in the presence of his counsel. The defendant shall not be permitted to retain possession of Personally Identifiable Information, or copies thereof, under any circumstances, unless otherwise ordered by the Court.

4. Personally Identifiable Information shall not be copied or published to any person, except to those individuals identified in paragraph 3(a) above.

5. Counsel shall inform his client of the potential penalties for violations of this Protective Order and that any violation of the Protective Order may be

2

punished as contempt.

      6. Documents or material containing Personally Identifiable Information shall not be attached to any public filing via the Court's Case Management/Electronic Case Files/PACER ("PACER"). Any filing associated with, referring to, or including as an exhibit documents containing Personally Identifiable Information shall be redacted so as not to disclose such information.

      7. Immediately after the conclusion of this matter (after acquittal, sentencing, or the exhaustion of all appeals), counsel for the defendant shall return to the United States Attorney's Office all material produced by the United States Attorney's Office containing Personally Identifiable Information, including copies derived therefrom.